AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

In re Ex Parte Application of  ELEMENT SIX
TECHNOLOGIES LIMITED, Applicant, For an Order
Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain
Discovery from Pure Grown Diamonds, Inc. for Use in
Foreign Proceedings.

_____
*Plaintiff*

v.

_____
*Defendant*

)
)
)
)
)
)

Civil Action No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Pure Grown Diamonds Inc.
45 W. 45th Street, 5th Floor, in New York, NY 10036

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| Place: Proskauer Rose LLP 11 Times Square New York, NY 10036 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/07/2018

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

s/ Russell T. Gorkin
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Element Six Technologies Limited _____, who issues or requests this subpoena, are:

Russell T. Gorkin, Proskauer Rose LLP, 11 Times Square, New York, NY 10036

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

In re Ex Parte Application of  ELEMENT SIX
TECHNOLOGIES LIMITED, Applicant, For an Order
Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain
Discovery from Pure Grown Diamonds, Inc. for Use in
Foreign Proceedings.

Southern District of New York

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                           Pure Grown Diamonds Inc.
                     45 W. 45th Street, 5th Floor, in New York, NY 10036
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Schedule A

| Place: Proskauer Rose LLP<br>11 Times Square<br>New York, NY 10036 | Date and Time: |
|---|---|

The deposition will be recorded by this method:     Stenographic, audio-visual means, or both

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/07/2018

                    *CLERK OF COURT*

                                              OR

                                                        s/ Russell T. Gorkin
_____        _____
     *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Element Six Technologies Limited                                          , who issues or requests this subpoena, are:

Russell T. Gorkin, Proskauer Rose LLP, 11 Times Square, New York, NY 10036

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                _____
                                                        *Printed name and title*

                                                _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

#### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

#### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

#### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

#### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      "PGD" shall refer to Pure Grown Diamonds, Inc. and any other name under which it is doing or has done business (including Gemesis, Inc.; Gemesis Diamond Company; and/or Gemesis Corporation), and any business to which Pure Grown Diamonds, Inc. is a successor-in-interest.

2.      "Gemesis" shall refer to Gemesis, Inc.; Gemesis Diamond Company; and/or Gemesis Corporation and any other name under which it is doing or has done business, and any business to which Gemesis, Inc.; Gemesis Diamond Company; and/or Gemesis Corporation is a predecessor-in-interest or successor-in-interest.

3.      "IIa" shall refer to IIa Technologies Pte. Ltd. and any other name under which it is doing or has done business, and any business to which IIa Technologies Pte. Ltd. is a successor-in-interest.

4.      "Microwave" shall refer to Microwave Enterprises, Limited and any other name under which it is doing or has done business, and any business to which Microwave Enterprises, Limited is a predecessor-in-interest or successor-in-interest.

5.      Whenever the term "Respondent," "Respondents," "you," or "your" is used herein, it shall include Respondent PGD and its agents, officers, directors, members, employees, affiliates, related entities, attorneys, and representatives, including but not limited to Gemesis, IIa, Gemesis, and/or Microwave.

6.      Whenever the term "Applicant" is used herein, it shall include Element Six Technologies Limited ("E6") and its agents, officers, directors, members, employees, affiliates, related entities, attorneys, and representatives.

1

7.      Whenever the term "Sample 1" is used herein, it shall mean the gemstone that is the subject of IGI Report No. LG10061905, which is further evidenced by *inter alia* Gemesis Invoice No. INV-REF/01-JAN-12/31 dated 16 April 2012.

8.      Whenever the term "Sample 2" is used herein, it shall mean the gemstone that is the subject of IGI Report No., which is further evidenced by *inter alia* Microwave Quote No. 13-2051 dated 24 February 2014 and Invoice No. 3086.

9.      Whenever the term "Sample 3" is used herein, it shall mean the diamond material that is the subject of product code 2PCVD303004N, which is further evidenced by *inter alia* PGD Invoice No. SA-1510-00178 dated 27 October 2015.

10.      Whenever the term "provenance period for Sample 3" is used herein, it shall mean the period between (1) the first date of manufacture of any diamond material that forms (in whole or in part) Sample 3 and (2) the current date.

11.      Whenever the term "E6 sale date for Sample 3" is used herein, it shall mean October 27, 2015.

12.      Whenever the term "Singapore litigation" is used herein, it shall mean Suit No. HC/S 26/2016, currently pending before the High Court of the Republic of Singapore.

13.      Whenever the term "manufacture" is used herein, it shall mean any physical process involved in the creation of a product, including but not limited to growing diamond material, cutting, polishing, annealing, or any other process.

14.      Whenever the term "purchase" or "procurement" is used herein, it shall mean the acquisition of a product by PGD.

15.      Whenever the term "sale" is used herein, it shall mean the alienation of a product from PGD (whether for consideration or otherwise).

2

16.     Whenever the term "communication" or "communications" is used herein, it shall include all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes (whether typed or handwritten), telegrams, telexes or other forms of communication, including, but not limited to, both oral and written communications.

17.     Whenever the term "document" or "documents" is used herein, subject to the parties' ESI stipulation, the term shall include, without limitation, all written or graphic communications and all written or graphic matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, internal or otherwise, including, but not limited to, delivery tickets, order forms, purchase orders, letters, correspondence, memoranda, internal or otherwise, minutes, notes (whether typed or handwritten), films, recordings of any type, transcripts, contracts, memoranda of telephone conversations, personal conversations or meetings, diaries, desk calendars, telegrams, circulars, pamphlets, manuals, statements, notices, reports, telexes, interoffice or interoffice communications, minutes of meetings, reports, studies, books or records of accounts, bank account records, checks, bank drafts, invoices, requisitions, microfilms, movies, slides, photographs, data stored in any computer media, CD-ROM, computer runs or printouts, tabulations, charts, guides, outlines, summaries, abstracts, plans, drawings, specifications, blueprints, graphs, studies, drafts of any one or more of the foregoing or material similar to any of the foregoing, however denominated and by whomever prepared and to whomever addressed.

18.     The term "thing" or "things" shall mean any physical specimen or tangible item other than a document.

19.     The term "related" or "relating to" means comprising, constituting, reflecting, respecting, concerning, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, or evaluating.

20.     Whenever the term "person" is used herein, it shall mean any natural person, governmental body, governmental agency, corporation, general or limited partnership, joint venture, or any other form of business organization.

21.     To "identify" a person means to supply at least the following information with respect thereto: (a) name; (b) address (or last known address); (c) business or profession; (d) name and address of present employer; and (e) current business title or position and affiliation.

22.     To "identify" a corporation, company or entity other than a natural person means to supply at least the following information with respect thereto: (a) the name; (b) the date and place of incorporation or organization; (c) the principal place of business; and (d) the identity of all natural persons having knowledge of the matter with respect to which it is named in a response.

23.     To "identify" a statement or communication means to supply at least the following information with respect thereto: (a) the date on which it was made; (b) the location at which it was made; (c) the maker(s) and recipient(s) of the statement or communication, and all witnesses thereto; (d) the medium of communication (face to face, telephone, email, etc.); and (e) the substance of the statement or communication, with as much particularity as possible.

24.     To "identify" a document or other tangible thing means to supply at least the following information with respect thereto: (a) the nature of the document or thing (i.e., whether a letter, note, report, memorandum, email, etc.); (b) the author; (c) the person(s) to whom the

document was directed, provided, and/or disseminated; (d) the date on which the document was prepared; (e) the date on which the document was received and/or disseminated; (f) the subject matter of the document; and (g) the identity and location of the document's present custodian. Documents to be identified shall include both documents in your possession, custody or control, and all other documents about which you have knowledge.

25.     The terms "including" and "include" as used herein are illustrative and are in no way a limitation of the information requested.

26.     The term "relating to" shall mean embodying, pertaining, concerning, involving, constituting, commenting upon, comprising, reflecting, discussing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatsoever with the subject matter in question.

27.     The term "explain" means to describe fully in detail and includes the recitation of all relevant dates and places and the responsibility to identify, as defined above, all persons who have information relating to the event, occurrence, condition, legal or factual contention or other matter which is the subject of the request.

28.     The words "any" and "all" shall be considered to include "each and every."

29.     The term "date" means the exact day, month and year, if ascertainable, or, if not ascertainable, your best approximation thereof.  When a date is being approximated, state that it is being approximated.

30.     Where appropriate, the singular form of a noun or pronoun shall be considered to encompass the plural form of the noun or pronoun so used and vice versa.  Further, where appropriate, the present tense of a noun or pronoun shall be considered to encompass both the past and future tenses of a noun or pronoun so used and vice versa.

5

31.     Where appropriate, masculine gender shall include the feminine gender and vice versa, and the word "or" shall be deemed to include the word "and," and vice versa, so as to bring within the scope of the discovery request any information, document or thing that would be excluded by contrary construction.

32.     With respect to the following categories, the information sought is that which is current to the date of service hereof, unless otherwise stated in a particular category, but these requests shall be deemed continuing with respect to any category, or part thereof, as to which Respondent, after answering, acquires additional knowledge or information. Applicant requests that Respondent serve supplemental answers (and produce responsive documents and things) immediately upon acquiring such additional knowledge or information.

33.     If the Respondent does not know or possess information sufficient to respond precisely and definitively to any category, the Respondent shall respond with the best information presently available and shall provide whatever qualification of the response which is reasonable under the circumstances.  For example, if the "first" date for an activity is requested but is not known, then the earliest known date and the approximate first date shall be used with a reasonable qualification regarding the precision of the response.

34.     "Document" is used in the most comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure as allowed by law, including without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

35.     "Entity" shall mean any natural person or any business, legal, or governmental entity or association.

36.     "Person" shall mean any natural person.

6

37.     "Thing" shall mean any physical specimen or other tangible item, other than a document.

38.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

39.     The word "any" includes the word "all," and the word "all" includes the word "any," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

40.     The word "all" includes the word "each," and the word "each" includes the word "all," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

41.     The word "each" includes the word "every," and the word "every" includes the word "each," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

42.     The singular form of a word should be interpreted as including the plural, and the plural form of a word shall be interpreted as including the singular, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

43.     Where an objection is asserted to a request for production or topic, state all grounds upon which that objection is based.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>Document Request 1:</u>**     All documents and things concerning Sample 3.

**<u>Document Request 2:</u>**     All documents and things concerning Sample 3 during the provenance period for Sample 3.

**<u>Document Request 3:</u>**     All documents and things concerning the manufacture and/or supply of Sample 3, including but not limited to:

     (a) sales invoices;

     (b) purchase orders;

     (c) quotations;

     (d) shipping documents;

     (e) documents regarding good received;

     (f) documents regarding the chain of supply of goods;

     (g) documents regarding the chain of custody of goods;

     (h) marketing materials;

     (i) product specification documents;

     (j) material characterization analysis; and

     (k) diamond grading reports/certificates.

**<u>Document Request 4:</u>**     All documents and things referring to or related to the purchase and/or procurement of Sample 3, including but not limited to:

     (a) sales invoices;

     (b) purchase orders;

     (c) quotations;

8

(d) shipping documents;

(e) documents regarding good received;

(f) documents regarding the chain of supply of goods;

(g) documents regarding the chain of custody of goods;

(h) marketing materials;

(i) product specification documents;

(j) material characterization analysis; and

(k) diamond grading reports/certificates.

**<u>Document Request 5:</u>**         All documents and things referring to or related to the entity from which Sample 3 originated (or the material from which Sample 3 was manufactured originated).

**<u>Document Request 6:</u>**         All documents and things referring to or related to any entity that had possession, custody, or control over Sample 3 or the any material from which Sample 3 was manufactured.

**<u>Document Request 7:</u>**         All documents and things referring to or related to the storage of Sample 3 after purchase and/or procurement, but before the E6 sale date for Sample 3.

**<u>Document Request 8:</u>**         All documents and things referring to or related to the sale of Sample 3 on or about the E6 sale date, including but not limited to:

(a) sales invoices;

(b) purchase orders;

(c) quotations;

(d) shipping documents;

(e) documents regarding good received;

(f) documents regarding the chain of supply of goods;

(g) documents regarding the chain of custody of goods;

(h) marketing materials;

(i) product specification documents;

(j) material characterization analysis; and

(k) diamond grading reports/certificates.

**Document Request 9:**      All documents and things referred to or related to shape or surface processing, including cutting, polishing, and/or annealing, of Sample 3 (or the material from which Sample 3 was manufactured) by any entity .

**Document Request 10:**      All documents and things referred to or related to the shape or surface processing, including cutting, polishing and/or annealing, of Sample 3 (or the material from which Sample 3 was made) by any entity before the E6 sale date for Sample 3.

**Document Request 11:**      All communications concerning Sample 3, including communications provided to, between, or received from any entity, including Respondent (or any Entity that forms a part of Respondent), Respondent's counsel, and/or any other Entity or counsel.

**Document Request 12:**      All communications between Respondent  (or any Entity that forms a part of Respondent) and IIa concerning Sample 1, Sample 2, and/or Sample 3, including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Document Request 13:**      All communications between Respondent (or any Entity that forms a part of Respondent)  and Gemesis concerning Sample 1 or Sample 3, including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

10

**Document Request 14:**        All communications between Respondent  (or any Entity that forms a part of Respondent) and Microwave concerning Sample 2 or Sample 3, including communications provided to, between, or received from any entity, including Respondent, Respondent's counsel, and/or any other entity or counsel.

**Document Request 15:**        All communications concerning the Singapore litigation, including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Document Request 16:**        All communications between Respondent (or any Entity that forms a part of Respondent)  and IIa concerning the Sample 3 and/or Singapore litigation, including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Document Request 17:**        All communications between Respondent (or any Entity that forms a part of Respondent)  and Gemesis concerning Sample 1, Sample 3, and/or the Singapore litigation, including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Document Request 18:**        All communications between Respondent  (or any Entity that forms a part of Respondent) and Microwave concerning Sample 2, Sample 3, and/or the Singapore litigation, including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Document Request 19:**        All documents and things concerning Respondent's (or any Entity that forms a part of Respondent) protocol(s) for the manufacture of CVD diamond material during the provenance period for Sample 3.

11

**Document Request 20:**      All documents and things concerning Respondent's (or any Entity that forms a part of Respondent) protocol(s) for the purchase and/or procurement of CVD diamond material during the provenance period for Sample 3.

**Document Request 21:**      All documents and things concerning Respondent's  (or any Entity that forms a part of Respondent) protocol(s) at any time for the shape or surface processing, including cutting, polishing, and/or annealing, of CVD diamond material.

**Document Request 22:**      All documents and things concerning Respondent's (or any Entity that forms a part of Respondent) protocol(s) for the storage of CVD diamond material during the provenance period for Sample 3.

**Document Request 23:**      All documents and things concerning Respondent's (or any Entity that forms a part of Respondent) protocol(s) for the sale of CVD diamond material during the provenance period for Sample 3.

**Document Request 24:**      All documents and things relating to the retention or destruction of documents and things by Respondent (or any Entity that forms a part of Respondent).

**Document Request 25:**      All documents and things concerning any supply arrangement for CVD diamonds to Respondent, including but not limited to any exclusive arrangement between PGD and IIa (or an affiliate or associate company thereof) directly or indirectly.

## <u>TOPICS FOR EXAMINATION</u>

**<u>Topic 1:</u>**    Sample 3, the manufacture of Sample 3, the purchase and/or procurement of Sample 3, the storage of Sample 3, and the sale of Sample 3.

**<u>Topic 2:</u>**    The authenticity of the documents and things in Respondent's possession, custody, or control concerning Sample 3, the manufacture of Sample 3, the purchase and/or procurement of Sample 3, the storage of Sample 3, and the sale of Sample 3.

**<u>Topic 3:</u>**    Whether the documents and things in Respondent's possession, custody, or control concerning Sample 3 were made for, and reasonably pertain to, Sample 3, the manufacture of Sample 3, the purchase and/or procurement of Sample 3, the storage of Sample 3, and/or the sale of Sample 3.

**<u>Topic 4:</u>**    Whether the documents and things in Respondent's possession, custody, or control concerning Sample 3 describe Sample 3, the manufacture of Sample 3, the purchase and/or procurement of Sample 3, the storage of Sample 3, and/or the sale of Sample 3.

**<u>Topic 5:</u>**    Whether the documents and things in Respondent's possession, custody, or control concerning Sample 3:

> (a) were made at or near the time by, or from information transmitted by, someone with knowledge of Sample 3, the manufacture of Sample 3, the purchase and/or procurement of Sample 3, the storage of Sample 3, and/or the sale of Sample 3;

> (b) were kept in the course of a regularly conducted activity; and

> (c) were kept during the regular practice of a regularly conducted activity of Respondent.

**<u>Topic 6:</u>**    Whether the source of the information contained in the documents and things in Respondent's possession, custody, or control concerning Sample 3, or the method or

13

circumstances of preparation surrounding those documents and things, indicate any lack of trustworthiness.

**Topic 7:**     The authenticity of the documents and things reviewed or relied upon in preparation for the manufacture of Sample 3, the purchase and/or procurement of Sample 3, the storage of Sample 3, and the sale of Sample 3 to Applicant.

**Topic 8:**     Communications concerning Sample 1, Sample 2, and/or Sample 3 (including but not limited to all communications between Respondent and IIa, all communications between Respondent and Gemesis, and/or all communications between Respondent and Microwave), including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Topic 9:**     The authenticity of communications concerning Sample 1, Sample 2, and/or Sample 3 (including but not limited to all communications between Respondent and IIa, all communications between Respondent and Gemesis, and/or all communications between Respondent and Microwave), including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Topic 10:**     Whether the documents and things in Respondent's possession, custody, or control concerning communications concerning Sample 1, Sample 2, and/or Sample 3:

    (a) were made at or near the time by, or from information transmitted by, someone with knowledge of communications concerning Sample 1, Sample 2, and/or Sample 3;

    (b) were kept in the course of a regularly conducted activity; and

    (c) were kept during the regular practice of a regularly conducted activity of Respondent.

**Topic 11:**     Communications concerning the Singapore litigation (including but not limited to all communications between Respondent and IIa, all communications between Respondent and

14

Gemesis, and/or all communications between Respondent and Microwave), including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Topic 11:**     The authenticity of communications concerning the Singapore litigation (including but not limited to all communications between Respondent and IIa, all communications between Respondent and Gemesis, and/or all communications between Respondent and Microwave), including communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Topic 12:**     Whether the documents and things in Respondent's possession, custody, or control concerning communications concerning the Singapore litigation:

    (a) were made at or near the time by, or from information transmitted by, someone with knowledge of communications concerning the Singapore litigation;

    (b) were kept in the course of a regularly conducted activity; and

    (c) were kept during the regular practice of a regularly conducted activity of Respondent.

**Topic 13:**     Respondent's protocol(s) for the manufacture of CVD diamond material during the provenance period for Sample 3.

**Topic 14:**     The authenticity of all documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the manufacture of CVD diamond material during the provenance period for Sample 3.

**Topic 15:**     Whether all documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the manufacture of CVD diamond material during the provenance period for Sample 3:

    (a) were made at or near the time by, or from information transmitted by, someone with

knowledge of Respondent's protocol(s) for the manufacture of CVD diamond material;

(b) were kept in the course of a regularly conducted activity; and

(c)  were made during the regular practice of regularly conducted activity of Respondent.

**Topic 16:** Whether the source of the information contained in the documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the manufacture of CVD diamond material during the provenance period for Sample 3, or the method or circumstances of preparation surrounding those documents and things, indicate any lack of trustworthiness.

**Topic 17:** Respondent's protocol(s) for the purchase and/or procurement of CVD diamond material during the provenance period for Sample 3.

**Topic 18:** The authenticity of all documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the purchase and/or procurement of CVD diamond material during the provenance period for Sample 3.

**Topic 19:** Whether the documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the purchase and/or procurement of CVD diamond material during the provenance period for Sample 3:

(a) were made at or near the time by, or from information transmitted by, someone with knowledge of Respondent's protocol(s) for the purchase and/or procurement of CVD diamond material;

(b) were kept in the course of a regularly conducted activity of Respondent; and

(c) were made during the regular practice of a regularly conducted activity of Respondent.

**Topic 20:** Whether the source of the information contained in the documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the

16

purchase and/or procurement of CVD diamond material during the provenance period for Sample 3, or the method or circumstances of preparation surrounding those documents and things, indicate any lack of trustworthiness.

**Topic 21:** Respondent's protocol(s) for the storage of CVD diamond material during the provenance period for Sample 3.

**Topic 22:** The authenticity of the documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the storage of CVD diamond material during the provenance period for Sample 3.

**Topic 23:** Whether documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the storage of CVD diamond material during the provenance period for Sample 3:

   (a) were made at or near the time by, or from information transmitted by, someone with knowledge of Respondent's protocol(s) for the storage of CVD diamond material;

   (b) were kept in the course of a regularly conducted activity of Respondent; and

   (c) were made during the regular practice of a regularly conducted activity of Respondent.

**Topic 24:** Whether the source of the information contained in the documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the storage of CVD diamond material during the provenance period for Sample 3, or the method or circumstances of preparation surrounding those documents and things, indicate any lack of trustworthiness.

**Topic 25:** Respondent's protocol(s) for the sale of CVD diamond material during the provenance period for Sample 3.

**Topic 26:** The authenticity of all documents and things in Respondent's possession, custody,

or control concerning Respondent's protocol(s) for the sale of CVD diamond material during the provenance period for Sample 3.

**Topic 27:**     Whether the documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the sale of CVD diamond material during the provenance period for Sample 3:

  (a) were made at or near the time by, or from information transmitted by, someone with knowledge of Respondent's protocol(s) for the sale of CVD diamond material;

  (b) were kept in the course of a regularly conducted activity of Respondent; and

  (c) were made during the regular practice of a regularly conducted activity of Respondent.

**Topic 28:**     Whether the source of the information contained in the documents and things in Respondent's possession, custody, or control concerning Respondent's protocol(s) for the sale of CVD diamond material during the provenance period for Sample 3, or the method or circumstances of preparation surrounding those documents and things, indicate any lack of trustworthiness.

**Topic 29:**     All documents and things reviewed or relied upon in preparation for Respondent's manufacture, storage, purchase and/or procurement, and sale of Sample 3 during the provenance period for Sample 3.

**Topic 30:**     All communications concerning Sample 3 during the provenance period for Sample 3, including all communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.

**Topic 31:**     All communications since the onset of the Singapore litigation concerning Sample 3, all communications provided to, between, or received from any Entity, including Respondent, Respondent's counsel, and/or any other Entity or counsel.