# Exhibit 13

2018 - 07 - 25

# Singapore Civil Procedure Volume I - 2018 Edition

Section 1: Rules of Court

ORDER 41 Affidavits:

Contents of affidavit (O.41, r.5)

**"Interlocutory proceedings"**—Proceedings are not "interlocutory proceedings" within this rule merely because they are seeking an interlocutory order and not a final order. A distinction is drawn between interlocutory proceedings generally and interlocutory proceedings where an issue has to be determined, the latter class falling outside this rule. "For the purpose of this rule those applications only are considered interlocutory which do not decide the rights of parties, but are made for the purpose of keeping things in status quo till the rights can be decided, or for the purpose of obtaining some direction of the court as to how the cause is to be conducted, as to what is to be done in the progress of the cause of the purpose of enabling the court ultimately to decide upon the rights of the parties": *Gilbert v. Endean* (1878) 9 Ch.D. 259 at 269. Applied in *Rossage v. Rossage* [1960] 1 W.L.R. 249; [1960] 1 All E.R. 600, CA (Eng); *Re J. (An Infant)* [1960] 1 W.L.R. 253; [1960] 1 All E.R. 603; followed in *MUI Bank Bhd. v. Alkner Investments Pte. Ltd.* [1990] 3 M.L.J. 385 where mortgage proceedings claiming for payment on an outstanding overdraft and for possession of mortgage property was held to be an "application to determine the rights of the parties" and "not an interlocutory matter". An application for judgment in default of appearance under O.70, r.20(3) is not an interlocutory proceeding within the meaning of O.41, r.5(2): *"The Ocean Jade"*; *Owners of the Ship or Vessel "Ocean Jade" v. Owners of Cargo lately laden on board the Ship or Vessel "Ocean Jade"* [1991] 2 M.L.J. 385; see also *State Bank of India Singapore v. Rainforest Trading Ltd* [2011] 4 S.L.R. 699.

Applications under O. 14, O. 18 r. 19 and O. 27 are not interlocutory proceedings within the meaning of O. 41, r. 5(2): *HSBC Trustee (Singapore) Ltd v Lucky Realty Co Pte Ltd* [2015] 3 S.L.R. 885 at [93].

An application for leave to enforce an arbitral award or, a subsequent application to set aside the grant of leave to enforce the award is not an interlocutory proceeding within the meaning of O. 14, r. 5 as *"it disposes of the challenge against enforcement and thus marks the end of the life of the originating summons"*. Accordingly, the affidavit evidence must only contain facts which are within the deponent's personal knowledge to prove: see *Beijing Sinozonto Mining Investment Co Ltd v Goldray Consortium (Singapore) Pte Ltd* [2014] 1 S.L.R. 814 at [50] to [51].

An originating summons may be considered as an "interlocutory proceeding" for the purposes of O. 41, r. 5(2). The Rules of Court do not define "interlocutory proceedings" and thus there is nothing in the Rules of Court that expressly precludes an extension of the term "interlocutory proceeding" to cover an application that is interlocutory in nature though not in form. (*Jurong Shipyard Pte Ltd v BNP Paribas* [2008] 4 S.L.R.(R.) 33).

2017 Thomson Reuters Corporation Pte Ltd