# Exhibit 14

2018 - 07 - 25
# Singapore Civil Procedure Volume I - 2018 Edition
Section 1: Rules of Court
　ORDER 24 Discovery and Inspection of Documents:
　　Order for discovery of particular documents (O.24, r.5)

### Order for discovery of particular documents (O.24, r.5)

**24/5**　　**5.**—(1) Subject to Rule 7, the Court may at any time, on the application of any party to a cause or matter, make an order requiring any other party to make an affidavit stating whether any document specified or described in the application or any class of document so specified or described is, or has at any time been, in his possession, custody or power, and if not then in his possession, custody or power, when he parted with it and what has become of it.

　　(2) An order may be made against a party under this Rule notwithstanding that the party may already have made or been required to make a list of documents or an affidavit under Rule 1.

　　(3) An application for an order under this Rule must be supported by an affidavit stating the belief of the deponent that the party from whom discovery is sought under this Rule has, or at some time had, in his possession, custody or power, the document, or class of document, specified or described in the application and that it falls within one of the following descriptions:

　　(a)　a document on which the party relies or will rely;

　　(b)　a document which could—

　　　　(i)　adversely affect his own case;

　　　　(ii)　adversely affect another party's case; or

　　　　(iii)　support another party's case; and

　　(c)　a document which may lead the party seeking discovery of it to a train of inquiry resulting in his obtaining information which may—

　　　　(i)　adversely affect his own case;

　　　　(ii)　adversely affect another party's case; or

　　　　(iii)　support another party's case.

(4) An order under this Rule shall not be made in any cause or matter in respect of any party before an order under Rule 1 has first been obtained in respect of that party, unless, in the opinion of the Court, the order is necessary or desirable.

**24/5/1**  **Effect of rule**—It was well-established under the former O.31 in the United Kingdom, and in the days before discovery was given by lists, that statements in a party's affidavit of documents are conclusive, for example, on the question whether he has or has had any documents other than those disclosed (*Compagnie Financière et Commerciale du Pacifique v. Peruvian Guano Co.* (1882) 11 Q.B.D. 55, CA (Eng); *Hall v. Truman, Hanbury & Co.* (1885) 29 Ch.D. 307 at 319, CA (Eng)); or as to their relevancy (*Budden v. Wilkinson* [1893] 2 Q.B. 432, CA (Eng)); or as to the grounds stated in support of a claim for privilege from production (*Budden v. Wilkinson* (above); *Bewicke v. Graham* (1881) 7 Q.B.D. 400, CA (Eng); *Lyell v. Kennedy (No. 3)* (1884) 27 Ch.D. 1 at 19, CA (Eng); *Chowood Ltd. v. Lyall* [1929] 2 Ch. 406). The party seeking discovery could not, with a view to obtaining a further and better affidavit of documents, adduce evidence (except on an application under O.31, r.19A(3) the predecessor of the present rule) to show that the affidavit already filed was insufficient or untrue (*Edmiston v. British Transport Commission* [1956] 1 Q.B. 191; [1955] 3 All E.R. 823, CA (Eng)) nor, as a rule, could he interrogate for that purpose (*Morris v. Edwards* (1890) 15 App.Cas. 309 at 313–315, HL). The same principles apply to a list of documents verified by affidavit; subject to the following paragraphs the affidavit is conclusive (*John Walker & Sons Ltd. v. Henry Ost & Co. Ltd.* [1970] R.P.C. 151, CA (Eng)). Thus where an affidavit or affirmation is made pursuant to an order under O.24, r.5 the other party is generally not entitled to contravene what is sworn or affirmed therein by a further contentious affidavit or by obtaining an order to cross-examine that party since the latter's oath/affirmation in answer is conclusive at interlocutory stage of the action (*Wu v. Tsoi Kay & Anor.* (H.C.A. No. A4983 of 1987, June 1, 1992, Hong Kong, unreported); *Lonrho plc v. Fayed (No. 3)* (1993) *The Times*, June 24; *Soh Lup Chee v. Seow Boon Cheng* [2002] 1 S.L.R. (R.) 604).

The position is subject to two qualifications. First, a party was and is entitled to apply for a further and better list, where it appears on the face of the list already served (*e.g.* where a plea of privilege is taken on grounds inadmissible in law) or on the face of disclosed documents (*e.g.* letters referring to other letters) or on an admission that in all probability the party has or has had other relevant documents beyond those disclosed. For the purpose of such an application no affidavit is required (*Banque Cantonale de Geneve SA v. Allen & Gledhill LLP* [2010] S.G.H.C. 39 at [51]; see "Application for a further and better list of documents", para. 24/1/ 12).

The second (and more important) qualification is that under the present rule an application may be made for an affidavit as to specific documents or classes of documents. This must be supported by an affidavit stating that in the belief of the deponent the other party has or has had certain specific documents which relate to a matter in question. But this is not sufficient unless a *prima facie* case is made out for (1) possession, custody or power,

and (2) relevance of the specified documents (*Astra National Productions Ltd. v. Neo Art Productions Ltd.* [1928] W.N. 218). This case may be based merely on the probability arising from the surrounding circumstances or in part on specific facts deposed to. In *Soh Lup Chee v. Seow Boon Cheng* [2002] 1 S.L.R.(R.) 604, notwithstanding the fact that an affidavit was filed to confirm that the documents sought by the plaintiffs were not in the possession, custody and power of the defendants in that case, Choo Han Teck J. did not accept the confirmation and held that "there [was] more than a reasonable suspicion that such documents must have existed and continue to exist" (*ibid.* at [7]). Choo J. also held that if the documents sought were no longer in the possession of the defendants, a reasonable explanation ought to be given as to what had become of them but the defendants failed to do so (*ibid.* at [11]).

In *The Management Corporation Strata Title Plan No. 689 v. DTZ Debenham Tie Lung (SEA) Pte. Ltd.* [2008] S.G.H.C. 98 ("*DTZ Debenham*"), the court endorsed a dictum in *Berkeley* Administration v. McClelland [1990] F.S.R. 381 ("*Berkeley Administration*"), with the caveat that it should be modified to suit the local context. *Berkeley Administration* held that the court only had jurisdiction to make an order under O.24, r.5 if: (a) there was sufficient evidence that the documents exist which the other party has not disclosed; (b) the document or documents sought related to matters in issue in the action; (c) there was sufficient evidence that the document was in the possession, custody or power of the other party. In the local context, rather than having the documents "relate to matters in issue", the documents should fall within one of the categories of r.5(3). Once jurisdiction is established, the court then has the discretion whether or not to order disclosure (see *Berkeley Administration* at 382). In arriving at its decision, the court may take into account the fact that the party from whom discovery is sought has stated on oath that he does not have the documents in question in his possession, custody or power (although this is *not* determinative as to whether the discovery order would be made or not): see *Soh Lup Chee v. Seow Boon Cheng* [2002] 1 S.L.R.(R.) 604; *K Solutions Pte. Ltd. v. National University of Singapore* [2009] 4 S.L.R.(R.) 254; *DTZ Debenham (above).*

The courts will not allow the discovery process to be used to "fish" for a cause of action (*Wright Norman v Oversea-Chinese Banking Corp Ltd* [1992] 2 S.L.R.(R.) 452). Where an allegation is not pleaded, seeking discovery of a document to back up such an allegation constitutes fishing (*Tan Chin Seng and others v Raffles Town Club Pte Ltd* [2002] 2 S.L.R.(R.) 465 at [19]). Parties will not be allowed to seek discovery on issues that are not pleaded (*Towa Corp v ASM Technology Singapore Pte Ltd* [2015] S.G.H.C.R. 4 at [39]).

An O.24, r.5 application may be answered by an affidavit of the respondent read at the hearing of the summons. The making of the order requiring a party to state by affidavit whether any particular document or class of document is or has been in his possession does not prevent the respondent from deposing, in the affidavit that he subsequently makes after the order is made, that he in fact has had no such documents, or that they are irrelevant, or from covering up irrelevant parts, and on a subsequent application for production it may still be decided that the documents are irrelevant (*Thornett v. Barclays Bank (France) Ltd.* [1939] 1 K.B. 675; [1939] 2 All E.R. 163, CA (Eng)). An application for discovery of a

specific class of documents was refused in *David Kahn Inc. v. Conway Stewart & Co. Ltd.* [1972] F.S.R. 169 upon the grounds that the probative value of the documents, if they existed, would be so slight as not to justify the inconvenience of giving discovery; and upon grounds that such discovery was not in the circumstances necessary for determining the issue to which it was said to relate.

Where a claim to see a class is made, the class must not be defined or described so widely as to include documents which are not relevant to the issue (*Molnlycke AB v. Procter & Gamble Ltd. (No. 3)* [1990] R.P.C. 498, approving *Fuji Photo Film Co. Ltd. v. Carr's Paper Ltd.* [1989] R.P.C. 713). The prerequisites mentioned above must be established in respect of the class described as a class, not as regards some in the class only (*CIFG Special Assets Capital I Ltd v Polimet Pte Ltd* [2016] 1 S.L.R. 1382).

In relation to emails and other electronically stored documents, it is useful to differentiate between compound documents and discrete documents. As explained in *Surface Stone Pte. Ltd. v. Tay Seng Leon* [2011] S.G.H.C. 223, a compound document is a storage medium that contains several discrete documents such as text, graphics, video and audio files: at [50]. Examples of compound documents include a computer hard disk, databases and smart phones. The court appreciated that it may not always be practical for an applicant to specifically set out each and every classification of discrete documents sought for, especially where there are voluminous documents within the compound documents. The court thus accepted that a pragmatic method to achieve a meaningful degree of specificity would be for parties to describe the discrete documents sought with reference to keyword search terms as well as the custodians and repositories to run the search terms on: at [53].

As for keyword searches, the court in *Global Yellow Pages Ltd. v. Promedia Directories Pte Ltd and another suit* [2013] 3 S.L.R. 758 expressed the view that "the key to unlocking the full potential of keyword searches … is by way of adopting an iterative process": at [44]. The iterative method "is encapsulated in and is an integral part of Part V of the Supreme Court Practice Directions": at [49]. This might involve the running of preliminary searches using proposed keywords solely for the purpose of identifying the number of hits produced by the searches in order that the proposed keywords might be refined: at [49]. The court also observed that since any keyword or set of keywords will produce false positives (irrelevant documents identified by keywords searches) and false negatives (relevant documents not identified by keyword searches), "the concept of relevance (as traditionally understood) does not apply directly to the issue of which keywords should be used in searches of the relevant electronic devices": at [53]. Instead, it is the concept of accuracy which is more pertinent. In order to increase the level of accuracy of keyword searches, it is helpful to consider the approach recommended in *Breezeway Overseas Ltd. v. UBS AG* [2012] S.G.H.C. 41 (which was followed in *Global Yellow Pages Ltd v. Promedia Directories Pte Ltd* (above) at [55]). In this regard, parties should commence keyword searches using unique or specific keywords before expanding the search using broader, generic keywords: *Breezeway Overseas Ltd v. UBS AG* (above) at [28]–[31]. The choice of keywords and formulation of search terms depend on the facts of each case and the issues in dispute. The accuracy of the keywords is also considered against the importance of

the documents sought and the financial cost that has already been incurred (*Mondial Assistance (Asia) Pte Ltd v Eric Jean Raymond Morazin* [2015] S.G.H.C. 160 at [12]).

There is no question of issue estoppel even where the categories of documents sought in a discovery application mirror or are wider than those unsuccessfully sought in a prior discovery application. An applicant is entitled to a second application for discovery as long as he can show the court changed circumstances which warrant the discovery of documents previously denied to him (*Banque Cantonale Vaudoise v. Fujitrans (Singapore) Pte. Ltd.* [2007] 1 S.L.R.(R.) 570).

However, if the request is for documents to address issues and matters which arose in previous actions that have already been finally determined by the Court, the application for discovery is bound to fail (*Lai Swee Lin Linda v Attorney-General* [2015] S.G.H.C. 268 at [22]-[24]).

An order for discovery may be made in aid of a *Mareva* injunction and/or an *Anton Piller* order, *e.g.* to discover the whereabouts of the plaintiff's property or of the proceeds of fraud (*[A. v. C.](#)* [1981] Q.B. 956; [1980] 2 All E.R. 347; *[Bankers Trust Co. v. Shapira](#)* [1980] 1 W.L.R. 1274; [1980] 3 All E.R. 353, CA (Eng)). Although such an order may be made at the commencement of proceedings, it should not be too wide and extensive so as to be onerous and oppressive (*Petromar Energy Resources Pte. Ltd. v. Glencore International AG* [1991] 1 S.L.R.(R.) 1152, CA). The court can impose safeguards like limiting the use of the information disclosed both in Singapore and in foreign proceedings (see *Armco v. Donohue* [1999] 2 S.L.R.(R.) 481).

The court has jurisdiction to order specific discovery under this rule even before service of the statement of claim, but the making of such an order generally calls for definition of the issues and should not normally be made. An application by a plaintiff for specific discovery was premature where an amended statement of claim had been served and the time limited for the defendant to file an amended defence and counterclaim had not yet expired, and where the plaintiff had issued an O.14 summons seeking final judgment for the amount claimed in the amended statement of claim. The issues that would be raised by the amendment were not yet known, and success on the O.14 application would bring an end to the action (*Skyforce Engineering & Management Co. Ltd. v. Wan Chung Construction Co. Ltd.* (unrep., HCCT 45/1999, 9 June 1999)). It is not a good ground for making such an order that the decision upon an application for an interlocutory injunction may in practice be conclusive (*[R.H.M. Foods Ltd. v. Bovril Ltd.](#)* [1982] 1 W.L.R. 661; [1982] 1 All E.R. 673, CA (Eng)). Specific discovery before defence may be ordered where it is nearly certain that a defence of a particular nature will be raised and the discovery sought would enable the defendant to plead with particularity rather than by an initial bare denial (*[Shippam Ltd. v. Princes-Buitoni Ltd.](#)* [1983] F.S.R. 427).

It will often be convenient for the court to consider an application for discovery under this rule with what conditions or safeguards any document ordered to be discovered should be inspected (*[Format Communications Manufacturing Ltd. v. I.T.T. (United Kingdom) Ltd.](#)* [1983] F.S.R. 473; but see

*Schering AG's Patent* [1986] R.P.C. 30).

The court has power to order a party to litigation to disclose documents produced in a previous arbitration between that party and someone else (*Shearson Lehman Hutton Inc. v. Maclaine Watson & Co. Ltd.* (1988) 138 New L.J. 185). The court may order disclosure of documents generated in an arbitration if the court considers it relevant and necessary for the fair disposal of the case (*AAY v AAZ* [2011] 1 S.L.R. 1093 at [53]; *Long Well Group Ltd and others v Commerzbank AG and others* [2016] S.G.H.C. 158 at [10]).

In intellectual property cases, discovery relating to an inquiry into damages or an account of profits will not be ordered until all issues of liability have been determined and the plaintiff has elected whether to claim damages or an account of profits (*Auto-Treasure Ltd. v. Noble Diamond Ltd.* (unrep., CACV 184/1992, [1992] HKLY 734); *Worldtrade Entertainment Ltd. v. Starway Technology Ltd.* (unrep., HCA 450/2000, 19 May 2000)).

2017 Thomson Reuters Corporation Pte Ltd