quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7276**

WRITER'S EMAIL ADDRESS
**taihengcheng@quinnemanuel.com**

September 20, 2018

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 705
New York, NY 10007

Re:   *In Re Ex Parte Application of Element Six Technologies Limited for an Order Pursuant to 28 U.S.C. § 1782*, 1:18-mc-00418

Dear Judge Gardephe:

We represent Respondent Pure Grown Diamonds, Inc. ("PGD") in Case No. 1:18-mc-00418.  We were retained immediately after PGD discovered, by chance, this *ex parte* application for discovery pursuant to § 1782, filed by Element Six Technologies Limited ("Element Six") on September 7, 2018.  We write now to seek urgent relief from this Court to allow PGD to file an opposition to Element Six's application before this Court makes a decision.

In this regard, and while we would request a reasonable time to fully study the issue and brief the Court on relevant facts, it is already clear based on a brief review of the facts that there are significant issues that PGD should be permitted to brief before this Court rules on the propriety of Element Six's § 1782 application.  In particular, and among other reasons, the application is a grossly improper attempt to circumvent Singapore's discovery rules and procedures.  Specifically, the discovery sought in the subpoena greatly exceeds what the Singapore court would allow if PGD were within its jurisdiction including, *inter alia*, that Element Six seeks a deposition of PGD, which would not be permitted in Singapore proceedings.

Moreover, the subpoena is incredibly overbroad and unduly burdensome for a non-party to the underlying litigation.  Specifically, Element Six has sought documents relating to twenty-five (25) extremely broad requests, as well as a deposition on thirty-one (31) different topics.  Their subpoena is not narrowly tailored, as they suggest, but is rather an extensive fishing expedition into PGD's business, despite the fact that Element Six has failed to provide any legitimate reason why PGD's business would even be relevant to a patent infringement action against an entirely

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

different entity.  This type of fishing expedition would not otherwise be permitted under Singapore discovery procedures.

Notably, Element Six has provided no reason why this application needs to be heard on an *ex parte* or expedited basis.  Nor can they.  As Element Six readily admits, discovery in the Singapore litigation has been ongoing for two years, yet they have waited until now, six months before trial, to seek what they claim to be pivotal discovery from PGD.  It is thus clear that any urgency suggested by its *ex parte* petition is a recent invention of their own creation, intended only to avoid legitimate opposition to their request. To the contrary, however, there is absolutely no reason why this Court should need to make a decision on this application without first hearing from PGD, especially in light of the unilateral account that Element Six provides of IIa's representations to the Court in Singapore.  Given this, as well as the expansive discovery that is being sought, it is only fair that PGD be provided with the opportunity to respond.

Accordingly, we request permission to file an opposition to Element Six's § 1782 application, as set forth in a briefing schedule to be determined by the Court.  We further respectfully request oral argument on this application.  Finally, we request that any documents in this matter be served on PGD through its counsel, Quinn Emanuel.

                                                          Respectfully submitted,

                                                          Tai-Heng Cheng