

**McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive
Chicago, Illinois 60606-6709
www.mbhb.com

312 913 0001 phone
312 913 0002 fax

September 27, 2018

<u>**VIA CM/ECF**</u>

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 705
New York, NY 10007

Re: *In Re Ex Parte Application of Element Six Technologies Limited for an Order Pursuant to 28 U.S.C. § 1782, 1:18-mc-00418*

Your Honor:

We represent Element Six Technologies Limited ("Element Six") in the above-referenced case. We write in response to the letter Pure Grown Diamonds, Inc. ("PGD") submitted to this Court dated September 20, 2018.

PGD has requested leave to file an opposition to Element Six's Application for an Order pursuant to 28 U.S.C. § 1782. On September 24, 2018, we informed PGD that Element Six has no objection to PGD filing an opposition, so long as these proceedings can be promptly resolved. We then met and conferred with PGD on the morning of September 24, 2018 and proposed a briefing schedule in line with the standard motion practice of this Court, with PGD's opposition due October 4, 2018, which is two weeks from the date that counsel for PGD filed its appearance and letter indicating that it was already in possession of Element Six's Application. *See* Local Civil Rule 6.1(2). Element Six's reply brief would be due one week later on October 11, 2018. *See* Local Civil Rule 6.1(3).

During the meet-and-confer teleconference, PGD did not propose its own briefing schedule. Rather, it indicated it had to consult further before providing a proposal. Despite Element Six making repeated requests for a counterproposal for a briefing schedule, PGD has not provided one.

In its letter to the Court, however, PGD requested oral argument in this matter. Element Six defers to the Court on whether oral argument would be helpful or necessary; its sole concern is providing the Court with whatever assistance is necessary to allow it to resolve this matter as expeditiously as possible.

The need for prompt resolution of this matter is due to the schedule set for the underlying Singapore litigation. In that case, factual witness statements must be submitted by December 28, 2018. Element Six is seeking document production and testimony now so that it will have sufficient time to review the documents and take the

deposition before that date, as well as to adduce related evidence into the Singapore proceedings. It therefore requests that the Court render a decision on its Application to enable PGD to produce documents and appear for a deposition sufficiently in advance of the Singapore deadline in the event the Court decides to grant the Application.

On this point, PGD's letter argued against the need for expedient handling of Element Six's Application by noting that the Singapore action has been ongoing for two years. But during that pendency, Element Six has diligently sought production of the documents sought through its § 1782 Application from the defendant in the Singapore action. It was only recently, after the Singapore court chose not to order the defendant to produce a broader set of documents in Singapore discovery proceedings, that Element Six had to bring the present § 1782 Application before this Court. Put simply, Element Six exhausted all of its Singapore-based remedies before seeking this Court's assistance.

One of the main reasons for the Singapore court's refusal to grant discovery of certain documents was the defendant's denial of any knowledge of samples purchased from related retailers, including PGD, as well as the corresponding invoice and product codes associated with these samples. Indeed, the defendant in the Singapore proceedings suggested and invited Element Six to seek the relevant documents and information directly from PGD instead.

Accordingly, Element Six respectfully requests that this Court enter the enclosed order requiring PGD to file its response to the § 1782 Application by October 4, 2018, and Element Six to file its reply in support of the § 1782 Application by October 11, 2018.

Respectfully submitted,

Joshua R. Rich
312 913 2133
rich@mbhb.com

cc: Counsel of Record (*via ECF*)