**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7276**

WRITER'S EMAIL ADDRESS
**taihengcheng@quinnemanuel.com**

September 27, 2018

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 705
New York, NY 10007

Re:   *In Re Ex Parte Application of Element Six Technologies Limited for an Order Pursuant to 28 U.S.C. § 1782*, 1:18-mc-00418

Dear Judge Gardephe:

    We write on behalf of Respondent Pure Grown Diamonds, Inc. ("PGD") in response to Applicant Element Six Technologies Limited's ("Element Six") letter to the Court dated September 27, 2018 regarding a proposed briefing schedule on its Section 1782 application for discovery. Despite the fact that there is no urgency here, Element Six's letter cut short the parties' effort to confer on a briefing schedule and proposes a briefing schedule that provides insufficient time for PGD to respond. In response, PGD proposes a deadline of October 31, 2018 for PGD to file a response to Element Six's application, and November 14, 2018 for Element Six's reply.

    As a preliminary matter, Element Six's letter cut short the meet and confer despite PGD's counsel's request that it be provided sufficient time to confer with PGD regarding Element Six's proposed schedule and, if needed, a counter-proposal. On September 24, 2018, four days after PGD sought an opportunity to respond to Element Six's Section 1782 application, Element Six reached out to PGD's counsel to discuss a briefing schedule, stating it did not object to PGD's opportunity to respond. The parties promptly agreed to confer by phone on September 25 at 10:30 a.m., during which Element Six proposed for the first time a briefing schedule. As the briefing schedule proposed by Element Six was in our view needlessly aggressive, we informed Element Six that we would seek instructions from PGD and would respond promptly when we had them. About 48 hours later, and one week after PGD sought an opportunity to respond, Element Six filed its letter today proposing a briefing schedule, without giving PGD a fair opportunity to respond.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

There is simply no need for the urgency that Element Six seeks to impose on PGD here. ***Element Six chose to wait four days*** to reach out to PGD regarding a briefing schedule. Yet it was not satisfied with 48 hours for PGD to consult with its counsel regarding the aggressive briefing proposal. Element Six's sense of urgency also conflicts with its own delay in seeking discovery from PGD. The underlying Singapore action to which this discovery is allegedly probative has apparently been pending for two years. At no point prior to September 2018 has Element Six otherwise sought this discovery from PGD. There is no reason why PGD cannot be given an adequate time to confer on the briefing schedule nor to prepare its response to Element Six's overly broad application for discovery.

Having now had a chance to evaluate Element Six's proposed schedule, it allows insufficient time for PGD to adequately evaluate and respond to Element Six's application. PGD was just recently made aware of the § 1782 application, which Element Six chose to file *ex parte*. Counsel was only retained shortly thereafter, we are still in the process of digesting the record in the underlying Singapore action, which consists of hundreds of pages of documents created through over two years of litigation, as well as evaluating the requests in Element Six's application. Two years during which Element Six could have but chose not to seek discovery from PGD in the United States. Furthermore, PGD anticipates that it may require expert declarations from a lawyer in Singapore to describe the process and limits for discovery in Singapore, which differ from and are more stringent than in U.S. courts.

Accordingly, PGD respectfully requests that this Court set a deadline of October 31, 2018 for PGD to file a response to Element Six's application, and November 14, 2018 for Element Six's reply.

Respectfully submitted,

*[signature]*

Tai-Heng Cheng