

**McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive
Chicago, Illinois 60606-6709
www.mbhb.com

312 913 0001 phone
312 913 0002 fax

September 28, 2018

<u>**VIA CM/ECF**</u>

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 705
New York, NY 10007

Re: *In Re Ex Parte Application of Element Six Technologies Limited for an Order Pursuant to 28 U.S.C. § 1782, 1:18-mc-00418*

Your Honor:

We represent Element Six Technologies Limited ("Element Six") in the above-referenced case. We apologize for burdening the Court with another letter, but we feel compelled to correct certain statements contained in Pure Grown Diamonds, Inc.'s ("PGD") recent letter (ECF No. 17)—in which it: (i) asserts that we improperly cut short the meet and confer process to establish a briefing schedule with respect to Element Six's pending § 1782 Application, and (ii) proposes October 31, 2018 as the due date for its opposition, *i.e.*, six weeks after it took notice of the Application.

PGD filed its appearance and request to file a responsive brief on the afternoon of Thursday, September 20. It made no effort to reach out to us to meet and confer to determine whether Element Six was willing to accede to its request for a potential briefing schedule before or after doing so. Having sought the right to file a responsive pleading from the Court, it must have had an idea of the timeline it was seeking, but it did not share it with the Court or Element Six. In fact, it never proposed a schedule or explained the underpinnings of any schedule request in the meet-and-confer process.

In light of PGD's letter, we moved expeditiously to see if we could agree to PGD's request for briefing and simplify matters before the Court. However, Element Six is located in the United Kingdom. By the time PGD filed on September 20, it was past the close of business in the United Kingdom. That is, because of the difference in time zones, we were simply unable to immediately consult with Element Six to determine whether it would consent to PGD's request to file a responsive pleading. Element Six itself could not see PGD's letter until the following day.

On Monday, September 24, the very next business day—*i.e.*, only two business days after opposing counsel filed its letter, and half of the "four days" that PGD

repeatedly emphasizes in its latest letter—we reached out to PGD to inform it that Element Six would not oppose its request to file a responsive pleading, and to set up a time to meet and confer regarding a proposed briefing schedule. We spoke to opposing counsel the next morning, Tuesday, September 25, at 10:30 a.m., and proposed October 4 as the due date for PGD's responsive pleading, and October 11 as the due date for Element Six's reply. Although PGD's counsel knew that the purpose of the meet and confer was to discuss a briefing schedule, they made no comments regarding our proposal, made no counter-proposal, and simply responded that they would need to confer further with their New York-based client, PGD.

After not receiving any substantive response for two business days, we submitted our proposed briefing schedule (grounded in Local Civil Rule 6.1) to the Court. Later that day, PGD filed its latest letter, accusing us of delay in starting and then cutting short the meet and confer process, and suggesting that its brief be due six weeks after it initially received the Application so that it can engage in a deep dive into the record in the Singapore action.

Had PGD responded substantively to Element Six's overtures, we could have informed it that the deep dive into the record of the Singapore action that PGD is contemplating—and the lengthy briefing schedule it seeks based on that investigation—is not necessary. As Element Six already explained in its moving papers, the Second Circuit has clearly established that there is no requirement that the information sought through a § 1782 Application be discoverable or admissible in the underlying foreign proceeding. *See* ECF No. 3, at 2, 7 (citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012)). Thus, there is no need for PGD to have nearly eight weeks from the filing of Element Six's § 1782 Application and nearly six weeks from its appearance to file a responsive brief.

Finally, PGD's letter appears to fault Element Six for not making its § 1782 Application earlier. But the Supreme Court has counseled that a court may not wish to exercise its discretion to order discovery that can be obtained in the foreign tribunal. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). As Element Six noted in its Application, only recently did the Singapore court and the defendant in that action (PGD's sister company) suggest that Element Six seek the requested discovery directly from PGD. Element Six first exhausted its local remedies in Singapore, and only then came to this Court. Accordingly, Element Six waited for the appropriate time to file the instant Application.

In sum, Element Six respectfully requests that this Court enter the standard motion briefing schedule that Element Six proposed for PGD's response and Element Six's reply to the § 1782 Application.

Respectfully submitted,

Joshua R. Rich

cc:  Counsel of Record (*via ECF*)