UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In Re* Ex Parte Application of

ELEMENT SIX TECHNOLOGIES LIMITED

                Applicant,

  -against-

Pure Grown Diamonds, Inc.

                Respondent.

Case No. 1:18-mc-00418

---

### **DECLARATION OF VIJAYA KUMAR RAJAH**

I, Vijaya Kumar Rajah, declare as follows:

1. I am a former Attorney-General of Singapore from 2014 to 2017. Before that, I served as Judge of the Singapore Court of Appeal, Singapore's final Appellate Court, from 2007 until 2014.

2. I have been instructed by Quinn Emanuel Urquhart & Sullivan LLP, attorneys for Pure Grown Diamonds Inc ("PGD"), to provide an independent expert opinion on questions of Singapore law that have arisen in section 1782 proceedings in the District Court of the Southern District of New York, commenced by Element Six Technologies Limited ("Element Six") against PGD.

3. I understand that my duty in giving evidence in the present application is to assist the Court. I have complied and will continue to comply with that duty. I confirm that this is my own impartial opinion which has not been influenced by the pressures of the dispute resolution process or by any party to the proceedings.

4.  I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing statements and those included in the following Declaration are true and correct.

Executed this 12th day of October, 2018, Singapore.

_____
V K Rajah SC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re* Ex Parte Application of

ELEMENT SIX TECHNOLOGIES LIMITED

              Applicant,

-against-

Pure Grown Diamonds, Inc.

              Respondent.

Case No. 1:18-mc-00418

**DECLARATION OF V K RAJAH**

**Privileged & Confidential**

11 October 2018

---

# OPINION

---

### A.      INTRODUCTION

1. I have been instructed by Quinn Emanuel Urquhart & Sullivan LLP, attorneys for Pure Grown Diamonds Inc ("**PGD**"), to provide an independent expert opinion on questions of Singapore law that have arisen in section 1782 proceedings in the District Court of the Southern District of New York, commenced by Element Six Technologies Limited ("**Element Six**") against PGD.

2. My qualifications and experience are set out in **Annex A**.

3. I confirm my independence from the parties and their legal advisors.

4. My compensation does not depend in any way on my opinions or the outcome of the litigation.

5. I also confirm that all matters upon which I have expressed an opinion are within my area of expertise.

6. I understand that my duty in giving evidence in the present application is to assist the Court. I have complied and will continue to comply with that duty. I confirm that

Privileged & Confidential

this is my own impartial opinion which has not been influenced by the pressures of the dispute resolution process or by any party to the proceedings.

B. **THE BACKGROUND FACTS**

7. From the documents and background information provided to me by PGD's attorneys, I understand that the material facts are as follows.

   (1) On January 12, 2016, Element Six commenced patent infringement litigation in the Singapore court against IIa Technologies Pte Ltd ("**IIa**") alleging infringement of 2 Singapore patents, based, in part, on a product sample that Element Six purchased from PGD ("**Sample 3**"). Element Six has alleged that Sample 3 was manufactured by IIa and sold to PGD for resale in the United States. Element Six contends that it purchased Sample 3 from PGD in or around October 2015 through its retail representative in the United States.

   (2) IIa pleaded in the Singapore Action that it has no knowledge of Sample 3 and that Sample 3 was not made from diamond material grown by IIa in Singapore.

   (3) Discovery in the Singapore Action commenced in October 2016, at which time Element Six requested from IIa information and documents from various categories.

   (4) Accordingly, IIa provided Element Six with its List of Documents as well as a Supplementary List of Documents. Element Six contended, inter alia,

**Privileged & Confidential**

        (4)    that none of the documents Iia provided pertained to Iia's manufacturing process or the provenance of Sample 3.

        (5)    Element Six subsequently requested further discovery from Iia, including documents relating to the provenance of Sample 3. Iia declined Element Six's requests for further discovery in relation to the provenance of Sample 3 and denied any knowledge of Sample 3.

        (6)    After Iia declined Element Six's requests for further discovery concerning Sample 3, Element Six filed an application in the Singapore court for further discovery. Prior to the application for further discovery, Element Six served Iia with interrogatories concerning Sample 3.

        (7)    The Singapore court dismissed the bulk of Element Six's application for further discovery and ordered the withdrawal of Element Six's application for interrogatories.

        (8)    Element Six then commenced the present section 1782 application against PGD.

8.    I have also reviewed the following documents:

        (1)    Memorandum of Law in Support of Application for an Order Pursuant to 28 U.S.C. § 1782.

        (2)    Element Six's Subpoena to Produce Documents, Information, or Objects.

        (3)    Element Six's Subpoena to Testify at a Deposition in a Civil Action.

**Privileged & Confidential**

    (4)    Declaration of Melvin Pang and Corresponding Exhibits.

    (5)    June 4, 2018 Notes of Evidence on IIa's Application for Element Six's interrogatories to be withdrawn in the Singapore Action.

    (6)    June 7, 2018 Notes of Evidence on IIa's Application for Element Six's interrogatories to be withdrawn in the Singapore Action.

    (7)    June 7, 2018 Notes of Evidence on Element Six's Application for Specific Discovery in the Singapore Action.

    (8)    June 14, 2018 Notes of Evidence and Judgment on IIa's Application for Element Six's interrogatories to be withdrawn

    (9)    August 27, 2018 Notes of Evidence and Judgment on Element Six's Application for Specific Discovery in the Singapore Action.

**C.**    **THE QUESTIONS TO BE ANSWERED**

9.    I have been instructed to provide my independent expert opinion on the following questions of Singapore law:

    (1)    Does the Hague Convention on Taking of Evidence allow litigants in Singapore civil proceedings to seek and obtain third party discovery from entities in the US?

**Privileged & Confidential**

    (2)    Do the Singapore rules of civil procedure allow litigants to seek and obtain third party depositions from non-Singapore individuals or entities? If so, what are the conditions that must be satisfied?

    (3)    In Singapore, what scope of discovery is permissible, in particular, for patent infringement actions?

    (4)    Can depositions obtained from third parties outside of the jurisdiction of Singapore courts be used in trial in Singapore? What are the relevant rules in Singapore?

    (5)    Is there any law in Singapore (statute or case law) that governs the use of depositions obtained from third parties outside of the jurisdiction of Singapore courts for proceedings other than for trial?

10.    I now set out my answers to these questions. All Singapore legislative material and case authorities referred to are set out in **Annex B**.

**I.    DOES THE HAGUE CONVENTION ON TAKING OF EVIDENCE ALLOW LITIGANTS IN SINGAPORE CIVIL PROCEEDINGS TO SEEK AND OBTAIN THIRD PARTY DISCOVERY FROM ENTITIES IN THE US?**

11.    Yes, insofar as the term "discovery" is used to refer to the disclosure of documents.

12.    Singapore has acceded to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "**1970 Hague Convention**"). Article 3 of the 1970 Hague Convention allows a contracting state to issue a letter of

**Privileged & Confidential**

              request to the competent authority of another contracting state, to seek *inter alia* the taking of evidence or the inspection of documents.

13. For present purposes, the 1970 Hague Convention finds legal expression in Singapore in the Rules of Court ("**ROC**"), specifically O 39 rr 1 – 3.

14. Order 39 r 1(1) ROC gives the Singapore court the power to order depositions to be taken from "any person". Order 39 r 1(2) further provides for discovery to be given before the oral examination is taken.

15. Where the power under O 39 r 1 is to be exercised in relation to a person who is outside of Singapore jurisdiction, the applicant has to apply to the court for an order to issue a letter of request: O 39 rr 2 and 3.

16. The court's power to make an order for the issue of a letter of request under O 39 rr 2 and 3 is predicated on its power to order the taking of a deposition under O 39 r 1. It follows that the court's power to order discovery to be taken before oral examination in O 39 r 1(2) may also be exercised when the person to be examined is in a foreign jurisdiction – through the letter of request.

17. The terms of the letter of request would therefore (a) request the foreign judicial authorities to summon the witness for oral examination; and (b) request the foreign judicial authorities to direct the witness to provide production of documents and submit to oral examination. The oral examination of the witness can simply be to confirm the source, maker, etc of the documents that have been produced.

18. This conclusion would be consistent with Article 3 of the 1970 Hague Convention.

**Privileged & Confidential**

## II. DO THE SINGAPORE RULES OF CIVIL PROCEDURE ALLOW LITIGANTS TO SEEK AND OBTAIN THIRD PARTY DEPOSITIONS FROM NON-SINGAPORE INDIVIDUALS OR ENTITIES? IF SO, WHAT ARE THE CONDITIONS THAT MUST BE SATISFIED?

19. Yes, see my opinion on question 1 above.

20. A party in any action before the Singapore court may at any time apply for a letter of request to be issued against "any person" at "any place" – *i.e.* it would include a non-party in a foreign jurisdiction: O 39 r 1.

21. The Singapore court will allow a litigant to obtain third-party depositions from witnesses abroad (through O 39 rr 2 and 3) where "it appears necessary for the purposes of justice": see *Credit Suisse v Lim Soon Fang Bryan* [2007] 3 SLR(R) 414. The burden is on the applicant to establish that necessity.

22. The test is what is "*necessary*" for the purposes of justice, not what is "*preferable*" or "*desirable*".

23. The concept of justice is likely to encompass both substantive and procedural aspects of justice, as determined by the Singapore court. Hence the Singapore court is likely to look at whether the third-party deposition overseas is necessary for the fair disposal of the matter before it. The Singapore court is also likely to consider whether allowing the third-party deposition overseas would have any procedural prejudice on the parties before it. This could include the timing of the application and or consequential delays.

24. In the same vein, other factors that the Singapore court is likely to consider are:

**Privileged & Confidential**

    (1)    whether the applicant can satisfy the court that the witness is able to give relevant evidence / is in possession of that evidence;

    (2)    the circumstances in which the witness is unable to come to Singapore, and what efforts have been made to secure his attendance;

    (3)    if discovery is sought, the relevance and specificity of the categories of documents requested; and

    (4)    the evidence-taking and appeal procedures in the foreign jurisdiction.

25.    It is plain to me that the test of necessity for the purposes of justice and the considerations identified above stem from the Singapore court's concern not to lose control of its own procedures and processes.

26.    An overarching procedural principle under Singapore law is that where there is an express procedure or process, that ordinarily ought to be followed to secure the desired ends. In the case of evidence to be secured from overseas parties, the procedure and means to get that evidence exist under the ROC *vide* an application through the Singapore court.

27.    Orders 39 rr 2 and 3 provide the procedural safeguards by which the Singapore court can ensure that third party depositions overseas do not undermine the integrity of the fact-finding and decision-making process in the Singapore courts. This procedure ought to be followed before a similar application is made to a foreign court, as the latter would obviate the Singapore court's role in policing its processes.

**Privileged & Confidential**

### III.    IN SINGAPORE, WHAT SCOPE OF DISCOVERY IS PERMISSIBLE, IN PARTICULAR, FOR PATENT INFRINGEMENT ACTIONS?

28.    The scope of discovery for patent infringement actions is governed by O 24 and O 87A r 5 ROC.

29.    The first stage of discovery is pursuant to O 24 r 1: each party files its list of documents setting out the documents on which he intends to rely, that could adversely affect his own case, that could adversely affect another party's case, or that could support another party's case. At this stage, O 87A r 5 exempts certain categories of documents from disclosure.

30.    The second stage of discovery is further or specific discovery under O 24 r 5. At this stage, a party may apply to court for disclosure of categories of documents that either fall within the scope of O 24 r 1 (but which had not been previously disclosed) or that may lead that party to a train of inquiry resulting in him obtaining such documents. Further discovery under O 24 r 5 may be made of documents that O 87A r 5 exempted from the first stage of discovery: O 87A r 5(4).

31.    An application for further discovery under O 24 r 5 also has to satisfy the requirement of necessity laid down in O 24 r 7: the discovery must be necessary for the fair disposal of the matter or for saving costs.

32.    The requirements imposed by O 24 r 5 and O 24 r 7 mean that discovery will **not** be ordered of documents that are of only tangential relevance to the matter before the court. That in turn means that the categories of document requests under O 24 r 5 must be reasonably specific, and must have a demonstrable and meaningful

**Privileged & Confidential**

connection to the matter before the court. In the context of a patent infringement claim, the relevant issues before the court will largely be the particulars of the infringement set out in the statement of claim: see O 87A r 2.

33. It follows that the court will not allow discovery to be used as a speculative exercise mounted in the hope of finding new evidence (*i.e.* a fishing expedition). These are long-standing principles that are regularly applied in practice and consistently accepted in the authorities.

34. To take just one example, in the case of *Wright Norman v OCBC* [1992] 2 SLR(R) 452, the Singapore Court of Appeal said (at [20]), refusing further discovery:

> *The first and third defendants, therefore, sought discovery of very wide categories of documents, and virtually none of them bear any relevance to the issues raised by the defence. Having regard to the extreme width of these categories of documents sought, we cannot but agree with Chao Hick Tin JC that the aim of the application for such further and better list is no different from that of the application for leave to serve the interrogatories. It was an attempt to mount a comprehensive discovery with the hope of finding something useful for their case.*

IV. **CAN DEPOSITIONS OBTAINED FROM THIRD PARTIES OUTSIDE OF THE JURISDICTION OF SINGAPORE COURTS BE USED IN TRIAL IN SINGAPORE? WHAT ARE THE RELEVANT RULES IN SINGAPORE?**

35. Only depositions that are obtained through an order of the Singapore court (*i.e.* under O 39 r 1) are admissible in trial: O 38 r 9(1). In my view, this is another facet of the principle that the Singapore court wants to keep control of its own processes, and that therefore the proper procedure to obtain depositions for use in Singapore proceedings, whether in Singapore or overseas, is pursuant to O 39 rr 1 – 3.

**Privileged & Confidential**

36. In other words, any deposition obtained through the present section 1782 application would plainly **not** be admissible in trial in Singapore.

## V. IS THERE ANY LAW IN SINGAPORE (STATUTE OR CASE LAW) THAT GOVERNS THE USE OF DEPOSITIONS OBTAINED FROM THIRD PARTIES OUTSIDE OF THE JURISDICTION OF SINGAPORE COURTS FOR PROCEEDINGS OTHER THAN FOR TRIAL?

37. No. I am not aware of any written law or case authority that is on point.

38. I have seen the Declaration of Mr Melvin Pang, where he relies on O 41 r 5 ROC to explain his conclusion that a deposition obtained under section 1782 would be capable of being admitted into evidence in *interlocutory* proceedings.

39. Mr Pang's conclusion is contestable.

40. The important point here is that O 39 rr 1 – 3 already stipulate the procedure by which evidence can be gathered from a person in a foreign jurisdiction, with the attendant safeguards to protect the integrity of the court process in Singapore.

41. Hence a Singapore court would not be ordinarily inclined to admit or consider evidence that has been obtained in a manner that effectively sidesteps the procedure and safeguards laid down by O 39 rr 1 – 3. Not only would it frown upon procedural forum shopping, it would also closely query why such a course of action in the foreign court had been adopted in the first place.

**Privileged & Confidential**

D.  **CONCLUSION**

42.  In summary, my opinion is:

  (1)  Does the Hague Convention on Taking of Evidence allow litigants in Singapore civil proceedings to seek and obtain third party discovery from entities in the US?

      Yes.

  (2)  Do the Singapore rules of civil procedure allow litigants to seek and obtain third party depositions from non-Singapore individuals or entities? If so, what are the conditions that must be satisfied?

      Yes. The applicant must show that it is necessary for the purposes of justice. Ordinarily, the procedure provided in the ROC for the obtaining of such evidence should be followed.

  (3)  In Singapore, what scope of discovery is permissible, in particular, for patent infringement actions?

      Document requests must be reasonably specific, be relevant to the issues at hand, and cannot be part of a speculative "fishing expedition".

  (4)  Can depositions obtained from third parties outside of the jurisdiction of Singapore courts be used in trial in Singapore? What are the relevant rules in Singapore?

**Privileged & Confidential**

        A deposition obtained through the present section 1782 application would not be admissible in a trial.

(5)     Is there any law in Singapore (statute or case law) that governs the use of depositions obtained from third parties outside of the jurisdiction of Singapore courts for proceedings other than for trial?

        No.

43.     I affirm my genuine belief in the opinions expressed in this report.

_____
**V K Rajah SC**