UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re* Ex Parte Application of

ELEMENT SIX TECHNOLOGIES LIMITED

            Applicant,

-against-

Pure Grown Diamonds, Inc.

            Respondent.

Case No. 1:18-mc-00418

**DECLARATION OF MARILYN WILLIAMS**

I, Marilyn Williams, declare as follows:

1. I submit this declaration in support of Pure Grown Diamonds, Inc.'s ("PGD") Opposition to Element Six Technologies Limited's ("Element Six") Application Pursuant to 28 U.S.C. § 1782.

2. PGD is incorporated in Delaware in April 2013 and maintains its headquarters in New York City.

3. PGD has created a very successful company built around wholesaling lab-grown diamonds, and it is a market leader in this business. Yet despite its thriving business, PGD is a small company. It has only one office and employs 21 people at that office.

4. The document requests proposed by Element Six are extensive, and would require significant time and resources to respond to.

5. In particular, Element Six has sought "all communications" between PGD and numerous entities, which would require PGD to collect the email PST files of all of its 21 employees and manually review each individual document. This will require PGD

to review tens of thousands of emails to determine which documents are responsive to Element Six's requests.

6. Element Six has also sought "all documents and things" relating to numerous topics. The number of documents that may be responsive to these overbroad requests could number in the hundreds, if not the thousands.

7. Complying with Element Six's requests would require PGD to undertake a search of all of its central and local files to find all documents which might be responsive. Most of the documents—especially shipping related documents—are in hard copy form only.

8. Because PGD is a small company, it does not have a department or employees designated to this task. Thus, PGD employees will be required to spend countless hours reviewing documents for production, which will impede PGD's ability to carry on its normal business operations and thereby significantly undercut its profits.

9. To satisfy this request, PGD will be forced to take at least 50% of its workforce away from their daily responsibilities and dedicate them full time for a minimum of three to four weeks to the process of manually reviewing each individual document. This loss would be catastrophic to PGD, especially because the winter months (Thanksgiving to Valentine's Day) are typically the busiest of the year.

10. We are in the business of sales, which is a service based business. If compelled to comply with Element Six's requests, we will lack the capacity to effectively serve our customers and could therefore lose them to our competition. To avoid this, we will have to hire additional outside help, expanding our workforce by at least 50%, as we estimate that completing the production will require between 840 and 1,120 man hours.

This will likely cost more than $200,000 over a three to four week period, not including attorneys' fees and costs, or the costs of a discovery vendor.

11. Yet, this short-term expense pales in comparison to the lasting impact these requests could have on our bottom line if we are unable to effectively serve our customers. The potential business interruption could be a crippling financial burden in the long run, possibly rising into the millions if cannot provide adequate customer service and endure a tarnished reputation.

12. Nothing in this declaration shall be construed as an admission that any of the documents requested by Element Six are relevant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: 10/12/18

_M. Williams_
Marilyn Williams